Hyman, C. J.
The plaintiff, Fanny Asher, obtained judgment against the defendant John Fredenstein; had execution issued thereon, caused to be seized under the execution by the sheriff four waggons, as belonging to the defendant, and was proceeding to have them sold by the sheriff to satisfy her judgment, when Louis E. Martin filed his petition, claiming therein to be the owner of the waggons, and obtained a writ of injunction prohibiting the plaintiff and the sheriff from selling them under the execution.
Plaintiff, in her answer to the opposition of Martin, prayed that his opposition and intervention might be dismissed, and that the injunction might be dissolved, with twenty per cent, damages, etc.
On the trial, the District Judge rendered judgment in favor of plaintiff, decreeing that the injunction be dissolved, with twenty per cent, damages.
Martin has appealed from this judgment.
The evidence adduced, does not prove that Martin had either title to or possession of the waggons seized; on the contrary, the evidence satisfies us that the defendant was both owner and possessor of them, when they were seized.
Martin contends that as there was no evidence adduced by the plaintiff of the execution, and the seizure of the waggons under execution, that the judgment of the District Judge was erroneous.
Martin, in his petition, alleged “that under and by virtue of a writ of fieri facias, issued in the case of Mrs. Fanny Asher v. John Fredenstein, *257 the sheriff of the parish of Orleans had seized the waggons, and had advertised them for sale.”
This allegation admits that there is both an execution'and seizure of the waggons thereunder, and Martin cannot deny this judicial confession, but by proof that he made it through error of fact. See Civil Code 2270, No evidence has been adduced, showing that Martin was mistaken as to the facts stated in his allegation.
Let the judgment of the District Court be affirmed.
The appellant, Martin, to pay the costs of appeal.